UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | NUMBER |
| **CHARIS HOSPITAL, L.L.C.** | **01-10616** |
| DEBTORS | CHAPTER 11 |
| **BANK ONE , N.A.** | ADV. NUMBER |
| PLAINTIFF | **02-1079** |
| V. | |
| **WILLIAM D. CARROLL, JR.** <br> **CAROLYN K. CARROLL** | |
| DEFENDANTS | |
| **CALMED CONSULTING, INC.,** <br> **Liquidator for Charis Hospital, L.L.C.** | |
| INTERVENOR | |

CONSOLIDATED WITH

| | |
|---|---|
| IN RE: | NUMBER |
| **WILLIAM D. CARROLL, JR** <br> **CAROLYN K. CARROLL** | **01-12330** |
| DEBTORS | CHAPTER 11 |

| | |
|---|---|
| **WILLIAM D. CARROLL, JR.** <br> **CAROLYN K. CARROLL** | ADV. NUMBER <br><br> **02-1004** |

PLAINTIFFS

V.

**BANK ONE, N.A., VINSON J. KNIGHT;** 
**JACK STOLIER; SULLIVAN, STOLIER & RESOR;** 
**XYZ INSURANCE COMPANY**

DEFENDANTS

**CALMED CONSULTING, INC.,** 
**Liquidator for Charis Hospital, L.L.C.**

INTERVENOR

## MEMORANDUM OPINION

The motion of Bank One N.A. ("Bank One") for summary judgment is scheduled to come before the Court on Friday, December 13, 2002. As explained in this opinion, the Court has concluded that it lacks jurisdiction over this dispute. Accordingly, the adversary proceeding will be dismissed, Bank One's motion for summary judgment is moot, and the hearing on that motion is cancelled.

### Background

William and Carolyn Carroll ("Carrolls") filed a chapter 11 petition on September 18,

2001.  While that case was pending, on January 18, 2002, the Carrolls filed suit in this Court against Bank One and their former counsel, Vinson Knight, Jack Stolier, the law firm of Sullivan, Stolier & Resor, to which Knight and Stolier belong, and XYZ Insurance Company, Knight and Stolier's malpractice insurer.  The complaint asserted state law claims for breach of contract, negligence, intentional tort, fraud in the inducement and breach of good faith and fair dealing.[1]

Judge Phillips dismissed the Carrolls' bankruptcy by order dated May 1, 2002, and their case was closed on June 4, 2002.

The dismissal of the Carrolls' bankruptcy typically would have resulted in the dismissal of this adversary proceeding.  *Querner v. Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993) (noting that dismissal of a proceeding related to a dismissed bankruptcy is generally favored because the bankruptcy court's jurisdiction over the related proceeding depends upon the nexus between the underlying bankruptcy case and that proceeding).  However, because nothing in the bankruptcy jurisdictional statutes mandates dismissal, a bankruptcy court has discretion to retain jurisdiction over a related proceeding notwithstanding dismissal of the bankruptcy case.  *Id*. at 1201-02, citing *In re Morris*, 950 F.2d 1531 (11th Cir. 1992).

Initially the debtor's claims appeared to be within the Court's jurisdiction because of

---

[1] Knight and Stolier allegedly represented the Carrolls in connection with their personal guaranty lines of credit owed to Bank One by Charis Partial Northside, Inc. and Charis Partial Hospital, Inc., as well as promissory notes executed by Charis Hospital, L.L.C. ("Charis") and Charis Partial Hospital, Inc.  Charis Hospital, L.L.C., Charis Partial Hospital, Inc., and Charis Partial Hospital Northside, Inc. are affiliated entities.  Charis Hospital, L.L.C., is the debtor in case no. 01-10616, in which this Court confirmed a liquidating plan on September 28, 2001.

their connection with the Charis case.  However, even assuming that the Charis liquidator retained viable claims against Bank One in the wake of confirmation, as the Court noted in its December 6 opinion in adversary 02-1079 at page 5, "[i]n light of *Craig Stores*[2], the fact the state court claims may affect distribution to the Charis creditors is not alone sufficient to bring them within the court's bankruptcy jurisdiction under 28 U.S.C. §1334, now that Charis's plan has been confirmed."  If the Liquidator's claims against Bank One are not within the Court's bankruptcy jurisdiction post-confirmation, *a fortiori* the Carrolls' claims (which Bank One has argued actually belong to the Charis liquidator) are not.

The factors that must be considered in deciding whether to retain jurisdiction once the main bankruptcy case has been dismissed are economy, convenience, fairness and comity.  *Querner v. Querner* at 1202, citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).  These factors do not support the Court's retaining jurisdiction over this adversary proceeding.

The Carrolls' claims against Bank One are essentially the same as those they asserted in the reconventional demand filed in response to Bank One's state court lawsuit that was removed to this Court and became adversary proceeding no. 02-1079.  The Court remanded that case to state court on December 6, 2002.  Therefore, judicial economy is no longer served by retaining the Carrolls' claims in this Court.  Moreover, the interests of fairness, convenience and comity all are better served by having a state court resolve these state law claims, because the outcome of this litigation no

---

[2]     *Matter of Craig Stores of Texas, Inc.*, 266 F.2d 388 (5th Cir. 2001).

longer will affect the debtors' estate or their creditors now that their bankruptcy has been dismissed.

The Court is aware that the former debtors' claims against Knight, Stolier, the law firm and the insurance company are not the subject of a pending state court suit. However, the analysis of the *Querner* factors for retaining jurisdiction is the same for those claims as it is for the Carrolls' claims against Bank One. Indeed, the nexus between the claims against the non-bank parties and the dismissed bankruptcy case is even more remote, and the factors weigh more heavily in favor of declining to retain jurisdiction. Therefore, the Court will dismiss those claims.[3]

The Court finds no reason to retain jurisdiction over this adversary proceeding in light of the dismissal of the underlying bankruptcy case, and the remand of adversary proceeding no. 02-1079. Accordingly, the case will be dismissed by an appropriate order.

Baton Rouge, Louisiana, December 12, 2002.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[3] The Court is mindful of the peremptive period for legal malpractice claims, which is one year from the alleged act, omission or neglect or one year from the date that such act, omission or neglect is discovered. La. R.S. 9:5605. The Carrolls' Complaint alleges in paragraph 30 that the plaintiffs did not know of the facts supporting the causes of action against the non-bank parties until January 10, 2002. Accordingly, upon the dismissal of this case, sufficient time remains for the Carrolls to file suit in the appropriate state court to preserve those claims.